# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

Lyle W. Cayce
Clerk

No. 09-51166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR DEL VALLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3356-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oscar Del Valle pleaded guilty to conspiracy to possess with the intent to distribute and possession with the intent to distribute 100 kilograms or more of marijuana. *See* 8 U.S.C. §§ 841(a), 846. He appeals the 110-month sentence imposed upon his conviction. He argues (1) that the district court erred in determining the relevant conduct attributable to him under the Guidelines, (2) that the district court erred in finding a common course of conduct when there was a 19-month lapse in criminal activity, and (3) that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in applying a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) based on an aggravating or leadership role in the conspiracy.

Del Valle has not shown that the district court clearly erred in holding him accountable for 21 prior loads of marijuana, given the undisputed evidence that he coordinated the 21 prior shipments using the same supplier of sodium bentonite, in which the marijuana was hidden, the same UPS warehouse, and similar fictitious recipients on the bills of lading. The district court did not hold Del Valle accountable for prior loads for which there was no bill of lading, even though nine other loads were listed on a printout from the UPS database. The district court's findings on relevant conduct were supported by testimony at sentencing from the UPS employee who opened an account for Del Valle and Immigration and Customs Enforcement Agent Mike Ramirez. *See* U.S.S.G. § 1B1.3; *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009); *see, e.g., United States v. Medina*, 161 F.3d 867, 876 (5th Cir. 1998). The district court's findings were plausible in light of the record as a whole. *See Rhine*, 583 F.3d at 885.

Del Valle argues that because of the 19-month gap after the first 18 of the 21 bills of lading, the remaining bills of lading did not make all 21 a common course of conduct for which he could be held responsible. *See* § 1B1.3, comment. (n.9(A)). He challenges as implausible and clearly erroneous the district court's finding that all shipments of sodium bentonite from 2002 to 2005 were part of a common course of conduct of marijuana trafficking.

Given the extreme similarity of all 21 shipments - same supplier of sodium bentonite, same UPS warehouse, same modus operandi of hiding marijuana in the sodium bentonite - the district court did not clearly err in finding that all 21 bills of lading represented marijuana loads that were part of the same course of conduct or part of a common scheme or plan. *See United States v. Moore*, 927 F.2d 825, 827 (5th Cir. 1991); *Rhine*, 583 F.3d at 884.

No. 09-51166

Del Valle's challenge to the two-level enhancement pursuant to § 3B1.1(c) also lacks merit.  A defendant qualifies for a § 3B1.1 enhancement if he was the organizer, leader, manager, or supervisor of one or more other participants. § 3B1.1, comment. (n.2).  Del Valle told agents he would not provide the name of the person who was paid only $200 to store marijuana.  The district court found at sentencing that Del Valle oversaw other individuals involved in the transaction.   The district court found that Del Valle was the person who contracted with UPS and other businesses to facilitate the transport of the drugs.   The district court found further that Del Valle was involved in an extensive operation that involved more than one man.  Del Valle has not shown clear error in the district court's application of the two-level enhancement pursuant to § 3B1.1(c).  *See Rhine*, 583 F.3d at 885.

AFFIRMED.